UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy Braun,<br><br>    Plaintiff,<br><br>vs.<br><br>Portfolio Recovery Associates, LLC, *a foreign limited liability company*,<br><br>    Defendant. | CIVIL FILE NO: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Defendant's Invasion of Plaintiff's Privacy by Intrusion Upon Seclusion.

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and under 28 U.S.C. § 1367 for pendent state law claims.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff Timothy R. Braun ("Braun" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection agency from an address of 140 Corporate Boulevard, Norfolk, Virginia 23502.  Portfolio is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with MBNA/Bank of America, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. Plaintiff allegedly incurred a financial obligation with Wells Fargo, N.A., which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

8. The alleged obligation with MBNA/Bank of America was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

9. The alleged obligation with Wells Fargo, N.A. was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a consumer debt.

10. Plaintiff's alleged debts were consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before May 2008.

11. On or about May 2, 2008, Plaintiff's attorney, William C. Michelson, wrote directly to Portfolio to notify Portfolio that Plaintiff was represented by an attorney, to dispute the debt with MBNA/Bank of America, and to request verification thereof.  *See* Exhibit 1.

12. Portfolio received the letter from Plaintiff's attorney, William C. Michelson, on May 12, 2008. *See* Exhibit 2.

13. On or about June 8, 2009, Plaintiff's attorney, William C. Michelson, wrote directly to Portfolio to notify Portfolio that Plaintiff was represented by an attorney, to dispute the debt with Wells Fargo, N.A., and to request verification thereof. *See* Exhibit 3.

14. Portfolio received the letter from Plaintiff's attorney, William C. Michelson, on June 11, 2009. *See* Exhibit 4.

15. On or about November 22, 2010, Plaintiff received a telephone call from Tanisha Semerzerk from Portfolio in an attempt to collect the alleged debts owed from Plaintiff.

16. During this telephone conversation, Plaintiff told Tanisha Semerzerk that he was represented by William C. Michelson and he gave Tanisha Semerzerk William C. Michelson's contact information.

17. Portfolio continued to communicate with Plaintiff after November 22, 2010 despite having actual knowledge that Plaintiff was represented by an attorney.

18. For example, Portfolio communicated with Plaintiff, in an attempt to collect these debts on or about December 1, 2010, December 6, 2010, December 7, 2010, December 13, 2010, and December 15, 2010.

19. Portfolio violated 15 U.S.C. § 1692c(a)(2) because Portfolio communicated with Plaintiff on multiple occasions with Portfolio had actual knowledge that Plaintiff was represented by an attorney.

20. Portfolio violated 15 U.S.C. §§ 1692d and 1692d(5) engaged in conduct with the intent to annoy, harass and abuse Plaintiff.

21. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Portfolio.

22. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Portfolio's acts and omissions.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

24. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

25. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

26. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and

4

embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

30. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy*.
>
> 15 U.S.C. § 1692(a) (emphasis added).

31. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

32. Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting these debts, thereby invading and intruding upon Plaintiff's right to privacy.

33. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns or affairs.

34. The conduct of Defendant in engaging in the above-described illegal attempts to collect these debts resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant under the doctrine of Respondeat Superior liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual and compensatory damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in a reasonable amount in excess of $50,000.00; and
- For such other and further relief from Defendant as may be just and proper.

Dated:  December 16, 2010.        **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
Patrick L. Hayes (0389869)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com